```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL DOLAN, SR. and MICHAEL DOLAN, JR.

                            Plaintiffs,
                                                           PLAINTIFFS'
            -against-                                      PROPOSED JURY
                                                           INSTRUCTIONS
THE NEW HYDE PARK FIRE DISTRICT, COUNTY
OF NASSAU, RICHARD STEIN, JOHN DIVELLO,                    13-cv-5651 (JFB)(SIL)
MICHAEL BONURA, JOHN BROWN, JOHN
WALDRON, ROBERT VON WERNE, JAMES P.
GILROY, and THOMAS WALKER (all in their official
and individual capacities),

                            Defendants.
-------------------------------------------------------------------X
```

Plaintiffs, by and through their attorneys, Leeds Brown Law, P.C., submit the following requests to charge. We respectfully request that these concepts be incorporated into any charge that Your Honor ultimately uses.

## PROPOSED JURY INSTRUCTIONS

### Direct v. Circumstantial Evidence

A plaintiff need not present any direct evidence to prevail on his claims. Direct evidence of retaliation is hard to find. This is because an employer who retaliates is unlikely to leave a smoking gun, which would evidence a retaliatory motive. Therefore, a plaintiff is seldom able to prove his claim by direct evidence, and usually relies solely on circumstantial evidence. <u>Desert Palace, Inc dba Caesars Palace Hotel v. Catharina F. Costa</u>, 539 U.S. 90 (2003); <u>Perry v. Chambers v. TRM Copy Centers Corporation</u>, 43 F.3d 29, 37 (2d Cir. 1994) (citing <u>Rosen v. Thornburgh</u>, 928 F.2d 528, 533 (2d Cir. 1991): <u>Dister v. Continental Group</u>, 859 F.2d 1108, 1114-15 (2d Cir. 1988).

**Burden of Proof**

To establish a claim by a preponderance of the evidence means to prove that something is more likely so than not so. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses; or the greater length of time taken by either side. It means the quality and persuasiveness of the evidence -- that is, the weight and the effect that the evidence has in your minds.

For a party who bears the burden of proof as to a particular issue or claim to prevail, the law requires that the evidence supporting the party's claim must appeal to you as more accurately representing what actually took place, as compared to the evidence opposed to the party's claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of the other party. That is because the party bearing this burden must prove more than simple equality of evidence. He must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden need prove no more than a preponderance. So long as the scales tip, however slightly, in favor of the party with this burden of proof, that what the party claims is more likely true than not true than that element will have been proved by a preponderance of the evidence.

To summarize briefly, a preponderance of the evidence means that such evidence, when considered and compared with the evidence opposed to it, produces in your mind a belief that what is sought to be proved more likely happened than not happened.

**Section 1983 Claim – Free Speech**

Senior alleges that the Defendants contacted the police, submitted a false affidavit to the police, provoked criminal charges against him, communicated with media outlets, suspended him,

filed disciplinary charges against him, terminated him, and refused to reinstate him even after he won the Article 78 due to (a) his speech regarding underage drinking at the firehouse, (b) his speech about serving alcohol at the firehouse without a license, and (c) defendants' perception that Senior reported drinking issues to the office of the District Attorney ("DA").  To prevail on either of these claims, plaintiff must prove three things, by a preponderance of the evidence:

> **First,** that Senior engaged in a Constitutionally protected speech or was perceived as doing so;
>
> **Second,** that he suffered an adverse action; and
>
> **Third**, that Senior's protected speech was a motivating factor in the adverse actions.

With regard to the first element:

I charge you that as a matter of law, it is undisputed that Senior spoke out against the unlicensed distribution of alcohol in the firehouse, and also spoke out against underage drinking in the firehouse as well. This is constitutionally protected speech; thus Dolan has proved this element.

I also charge you as a matter of law that the Defendants have admitted that they believed that Senior reported to the DA that the Department engaged in the unlicensed distribution of alcohol.  Senior denies that he made this report to the DA. However, even if Senior did not report the issue to the DA, and the Defendants mistakenly (or rightly) believed the report was made, then this would still be constitutionally protected, even if he did not actually make the report. A citizen cannot be retaliated against based on that person's *perceived* speech, even if they did not actually speak. Heffernan v. City of Paterson, 136 S. Ct. 1412, 1418 (2016).  Thus, in this case regardless of whether Dolan made the report to the DA, there is lawfully protected constitutional speech here so long as the defendant *thought* he reported to the DA.  It is undisputed that the defendants

3

believed that Dolan reported to the DA. Thus, as a matter of law, I charge you that Senior has proved this element.

With regard to the second element:

It is undisputed that Senior suffered adverse actions. Plaintiffs claim that the following constituted adverse actions: the contacting of the police, the submission of a false affidavit to the police, the provoking of criminal charges, the contacting of media outlets, in addition to Senior's temporary suspension, and thereafter, the filing of disciplinary charges, his termination, their refusal to reinstate him even after he won the Article 78. These acts, independently and/or combined, are adverse.

Defendants do not dispute that they suspended Senior, initiated and pursued disciplinary charges, disciplined him, and took steps to initiate criminal charges against Senior. Thus, you need not consider the second element. I charge you that, as a matter of law, Senior has proved this element.

With regard to the third element:

The question is whether Senior's speech was, in part, a "motivating factor" in any of the actions the Department took against him. A motivating factor is a factor that moved the Defendant to act. In showing that Senior's speech was a motivating factor, Plaintiff is not required to prove that this was the *sole* motivation or even the *primary* motivation for any particular action. Plaintiff only has to prove by a preponderance of the evidence that his speech *played a motivating part* in Defendant's decision, even though other factors may also have also motivated Defendants. Plaintiff must prove to you by a preponderance of the evidence that any of Senior's protected speech was, in part, a motivating factor that led to defendants' actions. While Plaintiff need not establish that his speech was the sole motivating factor, Plaintiff must prove that the conduct of Defendants was,

at least in part, based upon this factor. Monette v. County of Nassau, 2015 U.S. Dist. LEXIS 42523 *33-47. (EDNY 2015). Senior need only prove, by a preponderance of the evidence, that any of his protected speech played a motivating role in any of the defendants' decisions, although other factors may also have played a part in those decisions.

You can consider a number of circumstances in determining whether Senior's speech was a motivating factor in defendants' actions. Those circumstances may include direct evidence and/or circumstantial evidence, as I have previously defined those terms for you. Again, Senior does not have to provide any direct evidence, and he may rely exclusively on circumstantial evidence. Some factors you may consider are: (1) whether you believe the justifications given for a particular action of the defendant; (2) how Senior was treated before and after his speech; (3) the timing and sequence of events leading to the actions; (4) comments by decision makers, (5) whether a "Plaintiff would have suffered a less serious punishment absent Defendant's allegedly retaliatory motive" (Summary Judgment Transcript, p. 13), or (6) whether there was acts that were of a highly unusual nature or a deviation from normal procedure. *Blue*, 72 F.3d at 1084; *Stratton v. Dep't for the Aging for the City of New York*, 132 F.3d 869, 880 n.6 (2d Cir. 1997); *see cf. Ramos v. City of New York*, 285 A.D.2d 284, 301 (2d Dept. 2000). You may also consider weaknesses, implausibilities, inconsistencies, or contradictions in the Defendants' proffered reasons for the actions. Kwan v. Andalex Group LLC, 737 F.3d 834, 846 (2d Cir. 2013). This is not an exhaustive list. These are only a few considerations among many, that you may consider in determining whether Senior's speech was, in part, a motivating factor which lead to the adverse actions. You may consider any other factors or evidence that you deem relevant to that determination.

If you find by a preponderance of the evidence that Senior's speech was a motivating factor in any of Defendants' decisions, then you must render a verdict in favor Senior on his First

5

Amendment claim. If, however, you find that his speech played no role in the Defendants' decisions, then you must render a verdict for the Defendants.

**Intimate Association Claims**

Both Senior and Junior allege intimate association claims. In other words, each claims that they were retaliated against due to their familial associations. Senior claims that he was retaliated against due to his association with his wife. Junior claims that he was retaliated against due to his association with his mother and his father. To the extent that there is animus against a family member that is redirected at a plaintiff, such act is unlawful. To prevail on this claim, a plaintiff must prove three things, by a preponderance of the evidence:

**First,** that he was in a protected relationship;

**Second,** that he suffered an adverse employment action; and

**Third**, that the protected relationship was a motivating factor in the adverse action.

With regard to the first element:

The Court has already, as a matter of law, determined that Senior and Junior were in protected relationships. In other words, Senior's relationship with his wife is Constitutionally protected, and Junior's relationship with his mother and/or his father is/are Constitutionally protected. Thus, you need not consider the first element. Both Plaintiffs have established it. I therefore charge you, as a matter of law, that both Senior and Junior have proven this element.

With regard to the second element:

It is undisputed that both Senior and Junior suffered adverse action(s). Senior claims that the following constituted adverse actions: the contacting of the police, the submission of a false affidavit, the provoking of criminal charges, the contacting of media outlets, in addition to

6

Senior's temporary suspension, and thereafter, the filing of disciplinary charges, his termination, and the Defendants' refusal to reinstate him even after he won the Article 78. Junior was subjected to criminal charges, suspension, negative media coverage, and the initiation of disciplinary charges. Even after Junior was ordered to be reinstated as a firefighter, he was not given his firefighting gear for seven weeks. Thus, you need not consider the second element. It has been established and I charge you that, as a matter of law, both Senior and Junior have proven this element.

Thus, I am instructing you that the first two elements of proof for this Intimate Association claim, namely, the questions of (1) protected relationship, and (2) adverse action, are not before you because the Plaintiffs have proved these elements.

<u>With regard to the third element:</u>

I have defined "motivating factor" for you already. The definition we discussed, and the instructions I gave you in relation to the First Amendment claim are equally applicable here. Thus, if either Plaintiff's was retaliated against for the conduct of their family members, then that Plaintiff has satisfied this element and proven, by a preponderance of the evidence, their intimate association claim.

**Malicious Prosecution Claims (Federal and State Law)**

To establish a malicious prosecution claim, plaintiffs must prove:[1]

**First**, the commencement of a criminal prosecution,

**Second**, the termination of that prosecution in the plaintiff's favor,

**Third**, that there was no probable cause for the prosecution,

**Fourth**, malice, and

**Fifth**, a liberty restraint.[2] *Bernshtein v. City of New York*, 496 Fed. App'x 140, 142 (2d Cir. 2012).

With regard to the first element:

There is no dispute that a criminal prosecution was commenced as a result of the Defendants' report to the police, and that the police told Stein that they would not continue with the prosecution without his instruction. Therefore, I charge you that, as a matter of law, the Plaintiffs have proved this element.

With regard to the second element:

There is also no dispute that the State dropped the charges against the Plaintiffs, and that this constitutes a favorable. Therefore, I charge you that, as a matter of law, the Plaintiffs have proved this element.

---

[1] New York malicious prosecution claims are analyzed in the same manner as federal claims. *See Boyd v. City of N.Y.*, 336 F.3d 72, 75 (2d Cir. 2003); *see also McCall v. Ardsley*, 514 Fed. App'x 1, 5 (2d Cir. 2003).

[2] There is no dispute about liberty restraint. A seizure occurs "when there is a governmental termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989). The Dolans were indisputably arrested and restrained.

8

<u>With regard to the third element:</u>

"A civilian defendant can be deemed to have commenced a criminal prosecution when that defendant 'played an active role in the prosecution, such as giving advice and encouragement or <u>importuning the authorities to act</u>.'" *Rivers*, 2009 U.S. Dist. LEXIS 26301, at \*7 (quoting *Lupski v. County of Nassau*, 32 A.D.3d 997, 998 (2d Dept. 2006) (emphasis added)). A defendant is considered to have "played an active role" when he/she has knowingly given false information that is likely to influence prosecutors. *See Lupski*, 32 A.D.3d at 998; *Williams v. CVS Pharmacy, Inc.*, 126 A.D.3d 890, 892 (2d Dept. 2015); *see also Levine v. City of New York*, 2014 U.S. Dist. LEXIS (E.D.N.Y. July 15, 2014). Thus, the actions of the Defendants in contacting the police to press criminal charges can render defendants liable for their role in a prosecution. (Summary Judgment Transcript, p. 15). As to the issue of probable cause, even if they police had probable cause to arrest based on the information they received, that probable cause would not imputed to the defendants if you find that defendants were in possession of additional information that they did not provide the officers that would negate probable cause. (Summary Judgment Tr., 15). Thus, if, for example, you find that Stein deliberately inflated the value of the detectors in his statement to the officers or that the Commissioners withheld other important information from the police (i.e. that the Plaintiffs returned the detectors to the Museum or that Plaintiff did not take them for his own personal benefit), then the Defendants have acted maliciously in causing the prosecution of Plaintiffs.

<u>With regard to the fourth element:</u>

As to malice, it is proved where the defendant's use of legal process was initiated with a "wrong or improper motive, something other than a desire to see the ends of justice served." *Nardelli v. Stamberg*, 44 N.Y.2d 500, 503 (N.Y. 1978). Malice can also exist if the Defendants

harbored a vindictive desire to retaliate. But, retaliatory animus need not be proved to establish malice for malicious prosecution. In other words, the source of the malice is not limited to the aforementioned protected activities mentioned in the other claims, but could be any reason so long as there was some intent to harm or improper or wrong motivation.

You can infer the existence of actual malice from the absence of probable cause. *Loeb v. Teitelbaum*, 77 A.D.2d 92, 205 (2d Dept. 1980).

<u>With regard to the fifth element:</u>

There is no dispute that, in the course of their arrests, the Plaintiffs had their liberty restrained. Therefore, I charge you that, as a matter of law, the Plaintiffs have proven this element. Therefore, as the Plaintiffs have met elements one, two, and five, you must only determine whether they have satisfied elements three and four.

<u>Administrative Charges</u>

Plaintiffs also claim that the initiation of the disciplinary charges can be a proceeding which was initiated maliciously. The same factors and elements above apply to a malicious initiation of the disciplinary proceeding.

**<u>Abuse of Process Claim</u>**

To establish an abuse of process claim, the Plaintiffs must prove, by a preponderance of the evidence, that:

**First**, that the defendants used regularly issued legal process,

**Second**, that they did so with intent to do harm without excuse or justification, and

10

**Third**, that their purpose in doing so was to achieve a collateral objective. *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984). Making a false report to the police, resulting in the issuance of criminal process can support a claim for abuse of process. *See Parkin v. Cornell University, Inc.,* 78 N.Y.2d 523 (1991); *Light v. Light*, 64 A.D.3d 633, 634 (2d Dep't 2009); *see also Honzawa v. Honzawa*, 268 A.D.2d 327 (1st Dep't 2000) (false affidavit to support an application for attachment of funds, sufficiently alleges abuse of process).

With regard to the first element:

It is undisputed that criminal charges constitute "regularly issued legal process." *Hoffman v. Town of South Hampton*, 893 F. Supp. 2d 438, 447 (E.D.N.Y. 2012). Additioanlly, the initiation of the disciplinary proceedings is also regularly issued process. Therefore, I charge you that, as a matter of law, the Plaintiffs have met this element.

With regard to the second element:

You must determine whether the Plaintiffs have met, by a preponderance of the evidence, this element. If you find that the Defendants pursued criminal charges against the Plaintiffs for the purpose of harming them, without a legal excuse or legal justification to do so, then you must find for the Plaintiffs on this element.

With regard to the third element:

Finally, you must also determine whether the Plaintiffs have proven the third element, whether the Defendants' purpose in bringing criminal charges was to "achieve a collateral purpose beyond or in addition to [their] criminal prosecution." *Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003). The plaintiff need only show that the defendants used the legal process to achieve "something other than the purpose for which the law created it." *See id*. at 77; *see also Hauser v.*

*Bartow*, 273 N.Y. 370 374 (N.Y. 1937). If you find that the Defendants did use the legal process in this manner, then you must find for the Plaintiffs on this element.

**Spoliation Charge**

Defendant Richard Stein has admitted that he at one time possessed notes relating to the smoke detectors and their removal by Senior. He has also admitted that he cannot produce those notes despite Plaintiffs requests in discovery for copies of the notes.

If you find that Stein destroyed these notes or did not produce them in this case as a result of a willful act, or while acting in bad faith, then I charge you that it is deemed admitted that the contents of the notes, had they been admitted in court, would have been unfavorable to the Defendants. *Pension Comm. of the Univ. of Montreal Pension Plan v Banc of Am. Sec., LLC*, 685 F Supp 2d 456, 470 (SDNY 2010).

If you find that Stein destroyed the notes recklessly, then I charge you that you must presume that the contents of the notes, had they been admitted in court, would have been unfavorable to the Defendants. This presumption, however, is rebuttable by the Defendants. Id.

Finally, if you find that Stein destroyed the notes in some other fashion than as a result of willful, bad faith, or reckless behavior, then I instruct you that you are permitted, but nor required, to presume that the missing evidence is favorable to the Plaintiffs. Id.

**Damages**

If you determine that Defendants are liable, you must then determine the amount of damages to award to each Plaintiff. There are two potential types of damages that you will separately consider and may decide to award:

(1) Compensatory Damages – These are the damages that compensate Plaintiffs' for pain and suffering, emotional distress, including feelings of depression, anxiety and/or humiliation, and/or harm to reputation that he may have suffered.  Compensatory damages can also include any expenses, including attorneys' fees that the Plaintiffs incurred due to defendants' actions.

(2) Punitive Damages – These are the damages that you may award to punish the Defendants for especially egregious conduct and to deter the Defendants and others in society from engaging in similar conduct in the future.

**Emotional Distress Damages**

You may award compensatory damages for emotional distress if Plaintiffs have established, by a preponderance of the evidence, these were caused by Defendants' alleged illegal acts. Damages for emotional distress include damages for injuries such as emotional pain, suffering, mental anguish, and humiliation. There is no requirement that a claim of emotional distress be supported by proof of expenses or lost earnings, or specific measurable injury. No expert testimony is necessary to prove such harm and you may rest your findings solely on the testimony offered by plaintiff in support of his claim, so long as the circumstances are such that one would reasonably expect that mental or emotional distress would result. Actual intent to cause

emotional distress need not be proved. You may award damages for emotional distress plaintiff may suffer into the future.

Non-pecuniary losses are intangible injuries such as emotional pain, suffering, convenience, mental anguish, loss of enjoyment of life, loss of health, and injury to character, or reputation. See EEOC Enforcement Guidance on Damages under CRA 91, No. 915.002, 7/14/92.

Emotional stress may manifest itself through sleeplessness, anxiety, stress, depression, mental strain, humiliation, loss of self-esteem, excessive fatigue, nervous breakdown, ulcers, gastrointestinal disorders, hair loss, or headaches. See EEOC Enfor.Guide on Dams. CRA 91, No. 915.002, 7/14/92.

No evidence of monetary value of such intangible things such as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages.

Dated: March 1, 2017
       Carle Place, New York

                              LEEDS BROWN LAW, P.C.
                              *Attorneys for Plaintiff*
                              One Old Country Road, Suite 347
                              Carle Place, New York 11414
                              516-873-9550

                              By: _____s/_____
                                  RICK OSTROVE
                                  ANDREW COSTELLO

.